UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
RISEL MARTINEZ,

                     Plaintiff,                         Index No.:

    -against-

NEW YORK CITY POLICE DEPARTMENT,        COMPLAINT
CITY OF NEW YORK,
SGT. SA LAVERNE WILSON-VALIS,          Jury Trial
                                             Requested

                  Defendants.
-----------------------------------------------------------------------x

       Plaintiff, Risel Martinez, by his attorneys, Brill Legal Group, P.C., complaining of

Defendants, respectfully alleges as follows:

## INTRODUCTION

1.      This is an action for discrimination based on sex in the terms, conditions, and

privileges of employment, and for retaliation for actions, protected under Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., the Civil Rights Act of 1991 ("Title

VII") and by the New York City Human Rights Law, Administrative Code §§ 8-101 et seq. (the

"Code").

2.      Plaintiff also seeks costs and attorneys' fees authorized by 42 U.S.C. §§ 2000e-

5(k) and the Code § 8-502(f) and other relevant statutes.

## JURISDICTION

3.      The jurisdiction of the Court over this controversy as to enforcement of the

provisions of the Civil Rights Act of 1964 as amended is based upon 42 U.S.C. § 2000e-5(k).

4.      Supplemental jurisdiction of the Court over the claims based on the Code is based

on 28 U.S.C. § 1367.

## VENUE

5.      The unlawful employment practices alleged below were committed within the Southern District of New York.  Accordingly, venue lies within the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

## EXHAUSTION OF REMEDIES

6.      Prior to filing this Complaint, Plaintiff timely filed a written charge under oath asserting sexual harassment and retaliation under Title VII with the United States Equal Employment Opportunity Commission (the "EEOC") within 300 calendar days of the date on which the last discriminatory act allegedly therein occurred, which was assigned Charge No. 520-2018-00357.

7.      Plaintiff received a Notice of Right to Sue letter, for the Defendants named herein, dated September 26, 2018, from the EEOC (copy attached hereto as Exhibit A).

8.      In conformance with 29 U.S.C. § 626(d), Plaintiff now files this Complaint within 90 days after the Plaintiff received the Notice of Right to Sue from the EEOC.

## JURY DEMAND

9.      Plaintiff demands a trial by jury in this action on each and every one of his claims.

## PARTIES

10.      Plaintiff is a male born on April 20, 1990.  At all relevant times, the Plaintiff was an "employee" covered by Title VII and a "person" within the meaning of the Code.

11.      Defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD") is a municipal agency of the City of New York.

12.      Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police

department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City of New York assumes the risks incidental to the maintenance of the police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.   At all relevant times, the City of New York was an "employer" within the meaning of the Code §§ 8-101 et seq.

13.     At all relevant times, Defendant SGT. SA LAVERNE WILSON-VALIS ("WILSON-VALIS") was Plaintiff's supervisor and an "employee or agent" of the NYPD within the meaning of the Code §§ 8-101 et seq.

14.     At all relevant times, defendant Wilson-Valis exercised apparent and/or actual managerial and/or supervisory authority over Plaintiff.

15.     At all relevant times, defendant Wilson-Valis exercised and appeared to exercise significant influence and control over Plaintiff's employment.

16.     At all relevant times, defendant Wilson-Valis was acting under color of state law in the course and scope of her duties and functions as agent, servant, employee, and officer of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of her lawful functions in the course of her duties. She was acting for and on behalf of the NYPD at all relevant times, with the power and authority vested in her as officer, agent and employee of the NYPD and incidental to the lawful pursuit of her duties as officer, employee and agent of the NYPD.

## STATEMENT OF FACTS

17.     Beginning in or around May 21, 2016, the Plaintiff has been subjected to sexual harassment and retaliation by the Defendants.

18.     On or about May 21, 2016, Plaintiff was transferred to the NYPD range, specifically to the Ballistic Vest Unit. His supervisor was Sgt. SA (Special Assignment) Wilson-Valis. There were two female officers, including Wilson-Valis (a supervisor), and five male officer assigned to the unit.

19.     From the beginning of Plaintiff's assignment, Wilson-Valis treated the single female officer differently than the male officers, making the male officers (including Plaintiff) do not only the physically demanding work but all of the administrative work as well. It was unclear what the female officer actually did each day.

20.     On an almost daily basis, Wilson-Valis made inappropriate comments about the male officers' appearances, talking about their weight, their physical fitness and other aspects of their bodies. Many of these comments were directed at Plaintiff, both in his presence and behind his back to other police officers or in their presence.

21.     Wilson-Valis, who was married, would repeatedly ask other officers in the unit about Plaintiff's relationship status and comment on his appearance, making specific observations about various aspects of his physique.

22.     On a number of occasions, Wilson-Valis commented to Plaintiff that he looked bigger and stronger. She also said that she could act as Plaintiff's manager if he wanted to be a personal trainer. On one occasion, she told Plaintiff that he reminded her of her husband, a conversation which Plaintiff recorded. Plaintiff took this to be another sexually inappropriate comment under the circumstances.

23.    On January 31, 2017, Plaintiff was working moving vests in a trailer at the range with other (male) members of the unit when Wilson-Valis entered the trailer. She approached Plaintiff and, looking at a bodybuilding magazine that was nearby, asked if it belonged to him. He said no. When Plaintiff's coworkers left the trailer, Wilson-Valis came closer, put her hands on him and pushed his body forward at the waist. She then looked at his rear end. Wilson-Valis then pushed his body backward at the waist and clearly looked at his groin area. Plaintiff asked her what she was doing and she put her hands up and giggled, but did not respond. A male officer came in while she was doing this but did not say anything. When Plaintiff asked him later what he saw, he acknowledged seeing what had happened.

24.    Plaintiff reported this behavior to the NYPD's Office of Equal Employment Opportunity (OEEO) on February 7, 2017 and asked to remain anonymous for fear of retaliation. OEEO conducted an investigation. During the investigation, another member of the NYPD told Wilson-Valis that Plaintiff was the one who made the complaint.

25.    After she found out that Plaintiff had complained to OEEO, Wilson-Valis seemed determined to ensure that Plaintiff's workload became unbearable. She intentionally had all of the tables and chairs removed from the breakroom and had it filled with boxes so as to make it unusable. Additionally, she often scolded the Plaintiff for no reason and made arbitrary work assignments, only to reverse them after they were completed. For example, she would order Plaintiff to do certain tasks like lifting heavy boxes, then berate him for doing what she told him to do, then order him to reverse what she had told him to do.

26.    As a result of Wilson-Valis' actions, Plaintiff was in constant fear of losing his job or being brought up on disciplinary charges.

27.     Despite his requests to be transferred, Plaintiff was made to remain in the unit while the OEEO investigation was pending. During the investigation, after it became known that Plaintiff had made the complaint, Wilson-Valis repeatedly attempted to call him into her office by himself. Plaintiff declined and reported this behavior to a Lieutenant at the range.

28.     Plaintiff kept seeking a change and work assignment to no avail. He was also regularly trying to get updates on the progress of the OEEO investigation with no response. Plaintiff's Lieutenant saw this, and was sympathetic, but told Plaintiff that he (the Lieutenant) didn't have the ability to make a transfer. The Lieutenant said that Plaintiff could move his office, which he did. Still, he was not transferred and Wilson-Valis' attitude toward him remained unchanged, including the increased arbitrary and unequal work assignments. After complaining repeatedly to NYPD superiors about being singled out and retaliated against, Plaintiff was finally transferred around a month after he filed his complaint with OEEO.

29.     On or about August 11, 2017, OEEO substantiated allegations against Wilson-Valis of engaging in sexually harassing conduct toward Plaintiff and lacking professionalism and respect in her daily interactions with members of service (i.e. police officers) assigned to the Vest Unit. Wilson-Valis was issued a command-level Schedule "B" Command Discipline and mandated to attend a "Professionalism in the Workplace" seminar at the Police Academy.

30.     Plaintiff remains deeply disturbed by Wilson-Valis' actions, and his emotional distress at his mistreatment endures to this day.

31.     As a direct and proximate consequence of Defendants' intentional, unlawful discriminatory employment policies and practices, the harassment by Wilson-Valis, and NYPD's failure to take prompt action in response to Plaintiff's complaints of sexual harassment, Plaintiff

has suffered loss of income, including past and future salary increases and fringe benefits, severe mental and emotional harm, and other nonpecuniary losses.

32.    Defendants knew or should have known of the harassment and failed to take adequate measures to prevent or stop it.

33.    Defendants engaged in a pattern and practice of discrimination by maintaining a hostile work environment.

34.    Defendants engaged in a pattern and practice of discrimination by failing to prevent and promptly correct the discriminatory harassment.

35.    By subjecting the Plaintiff to the discrimination and harassment set forth above, Defendants maintained a workplace permeated with discriminatory intimidation, ridicule and insult, the severity and pervasiveness of which altered the terms and conditions of his employment and created an abusive working environment.

## AS AND FOR THE FIRST CLAIM
## DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII

36.    Plaintiff hereby realleges and incorporates by reference, as if fully set forth herein, paragraphs 1-35 above.

37.    Plaintiff was forced to endure sexual harassment and abuse in violation of Title VII.

38.    Defendants have engaged in unlawful employment practices in violation of Title VII.

39.    The unlawful employment practices complained of above were intentional and were performed with malice and reckless indifference to the Plaintiff's federally protected rights.

40.     As a proximate result of Defendants' acts and practices described above, Plaintiff suffered and endured, and will continue to suffer and endure, serious and possibly permanent emotional pain, suffering and anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, embarrassment, humiliation, and other damages.

41.     Defendants are therefore liable to Plaintiff for compensatory damages, punitive damages, other affirmative relief, costs and attorney's fees, in a sum to be awarded by Court and jury.

<u>AS AND FOR THE SECOND CLAIM</u>
<u>DISCRIMINATION IN VIOLATION OF THE CODE</u>

42.     Plaintiff hereby realleges and incorporate by reference, as if fully set forth herein, paragraphs 1-41 above.

43.     By subjecting the Plaintiff to the unlawful practices, sexual discrimination, and sexual harassment set forth above, Defendants violated Plaintiff's rights under §§ 8-107 (1)(a) and 8-107(13)(b)(1) and (b)(2) of the Code.

44.     Defendant Wilson-Valis aided and abetted the violations of Plaintiff's rights under §§ 8-107 (1)(a), 8-107(6) and 8-107(15)(a) of the Code.

45.     As a proximate result of Defendants' acts and practices described above, Plaintiff suffered and endured, and will continue to suffer and endure, serious and possibly permanent emotional pain, suffering and anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, embarrassment, humiliation, and other damages.

46.     Defendants are therefore liable to Plaintiff for compensatory damages, punitive damages, other affirmative relief, costs and attorney's fees, in a sum to be awarded by Court and jury.

## AS AND FOR THE THIRD CLAIM
## CREATION OF A HOSTILE ENVIRONMENT IN VIOLATION OF THE CODE

47.     Plaintiffs hereby reallege and incorporate by reference, as if fully set forth herein, paragraphs 1-46 above.

48.     By subjecting the Plaintiff to the unlawful practices, sexual discrimination, and sexual harassment set forth above, Defendants maintained a workplace permeated with discriminatory intimidation, ridicule and insult, the severity and pervasiveness of which altered the conditions of Plaintiff's employment and created an abusive, hostile working environment.

49.     Defendants NYPD and CITY knew or should have known of Defendant Wilson-Valis' conduct and, through its inaction, condoned Wilson-Valis' conduct.

50.     Defendants NYPD and CITY are liable for the unlawful creation of this hostile environment because persons exercising managerial or supervisory responsibility directly created this environment through their actions and words and acquiesced in such conduct by failing to take immediate and appropriate corrective action, pursuant to §§ 8-107 (1)(a) and (13)(b)(2) of the Code.

51.     Defendant Wilson-Valis is liable for the unlawful creation of this hostile environment because she directly created this environment through her actions and words, pursuant to §§ 8-107 (1)(a) and 8-107 (13)(b)(1) of the Code.

52.     By directly creating this hostile environment, Defendant Wilson-Valis aided and abetted the violation of the Plaintiff's rights under §§ 8-107 (1)(a) and 8-107(6) of the Code.

53.     As a proximate result of Defendants' acts and practices described above, Plaintiff suffered and endured, and will continue to suffer and endure, serious and possibly permanent

emotional pain, suffering and anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, embarrassment, humiliation, and other damages.

54.    Defendants are therefore liable to Plaintiff for compensatory damages, punitive damages, other affirmative relief, costs and attorney's fees, in a sum to be awarded by Court and jury.

**AS AND FOR THE FOURTH CLAIM**
**RETALIATION IN VIOLATION OF TITLE VII**

55.    Plaintiff hereby realleges and incorporates by reference, as if fully set forth herein, paragraphs 1-54 above.

56.    In violation of Title VII, Defendants retaliated against Plaintiff by subjecting him to unwarranted adverse actions in his employment.

57.    The unlawful employment practices complained of above were intentional and were performed with malice and reckless indifference to Plaintiff's federally- protected rights.

58.    As a proximate result of Defendants' acts and practices described above, Plaintiff suffered and endured, and will continue to suffer and endure, serious and possibly permanent emotional pain, suffering and anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, embarrassment, humiliation, and other damages.

59.    Defendants are therefore liable to Plaintiff for compensatory damages, punitive damages, other affirmative relief, costs and attorney's fees, in a sum to be awarded by Court and jury.

## AS AND FOR THE FIFTH CLAIM
## RETALIATION IN VIOLATION OF THE CODE

60.    Plaintiff hereby realleges and incorporates by reference, as if fully set forth herein, paragraphs 1-59 above.

61.    In violation of the Code, Defendants retaliated against Plaintiff by subjecting him to unwarranted adverse actions in his employment.

62.    As a proximate result of Defendants' acts and practices described above, Plaintiff suffered and endured, and will continue to suffer and endure, serious and possibly permanent emotional pain, suffering and anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, embarrassment, humiliation, and other damages.

63.    Defendants are therefore liable to Plaintiff for compensatory damages, punitive damages, other affirmative relief, costs and attorney's fees, in a sum to be awarded by Court and jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against the Defendants as follows:

1.    On the First Claim, for discrimination on the basis of sex in violation of Title VII, 42 U.S.C. § 2000e-2(a), a sum to be awarded by a Court and/or a jury for compensatory (including, but not limited to back pay, front pay and emotional distress) and punitive damages, costs and reasonable attorney's and experts' fees;

2.    On the Second Claim, for discrimination in violation of the Code, a sum to be awarded by a Court and/or a jury for compensatory (including, but not limited to back pay, front pay and emotional distress) and punitive damages, costs and reasonable attorney's and experts' fees;

3.      On the Third Claim, for creation and maintenance of a hostile work environment, a sum to be awarded by a Court and/or a jury for compensatory (including, but not limited to back pay, front pay and emotional distress) and punitive damages, costs and reasonable attorney's and experts' fees;

4.      On the Fourth Claim, for retaliation in violation of Title VII, 42 U.S.C. § 2000e-2(a), a sum to be awarded by a Court and/or a jury for compensatory (including, but not limited to back pay, front pay and emotional distress) and punitive damages, costs and reasonable attorney's and experts' fees;

5.      On the Fifth Claim, for retaliation in violation of the Code against all Defendants, in a sum to be awarded by a Court and/or a jury for compensatory (including, but not limited to back pay, front pay and emotional distress) and punitive damages, costs and reasonable attorney's and experts fees; and

6.      For such other and further relief as this Court deems just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated:  December 24, 2018
        New York, New York

                              BRILL LEGAL GROUP, P.C.


                              By: _____
                                  Peter E. Brill, Esq. (PB0818)
                                  Attorney for Plaintiff
                                  306 Fifth Avenue, Penthouse
                                  New York, NY 10001
                                  (212) 233-4141